FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0476

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0476

———————————————

IN THE MATTER OF:

L.M.W.,                                                    O R D E R

    A Youth in Need of Care.

———————————————

    The State of Montana moves to dismiss this appeal brought by N.D., the paternal grandmother of the child at issue in the proceeding. The District Court dismissed the underlying abuse and neglect case in August 2020, placing L.M.W. with the child's mother in New Mexico, thereby superseding any custodial order, dismissing temporary legal custody as to both Mother and Father, and closing the case. On October 14, 2020, we denied N.D.'s request for appointment of counsel in the appeal, concluding that, "[w]hile N.D. may have had a right to appear in this proceeding pursuant to § 41-3-422(9)(a), MCA, she may not be a 'party to the action'" and had no right to counsel. The State argues that, although she may have had the right to appear in the underlying abuse and neglect proceedings pursuant to Mont. Code Ann. § 41-3-422(9)(a), Grandmother did not formally move to intervene and thus was not a party. It points out that Grandmother has no judicially granted parental interest or custodial rights to L.M.W. and argues that she presents no existing and genuine, as distinguished from theoretical, rights or interests or threatened injury to a civil right necessary to show her standing to appeal.

    In response, Grandmother argues that she should be considered an intervenor in the appeal and allowed to advocate for protection of her relationship with the child. Grandmother maintains that, though never granted any formal parenting relationship with the child, she was L.M.W.'s primary caretaker for nearly a year prior to the commencement of

the proceedings and "has an extremely personal stake in the outcome of this case." Grandmother acknowledges that she did not move to intervene in the District Court, and we observe that she has not filed a motion to intervene for purposes of bringing the appeal, either.

Without Grandmother's filings, there is no appeal before this Court. The child has been placed with a natural parent in New Mexico and the case dismissed. None of the parties to the abuse and neglect proceeding filed a notice of appeal. Grandmother may be able to pursue a civil remedy for visitation, but the Court concludes that her intervention for purpose of pursuing an appeal in this case at this juncture is not appropriate.

IT IS THEREFORE ORDERED that the appeal is DISMISSED with prejudice.

The Clerk shall notify all counsel of record of the entry of this Order.

DATED this 15th day of December, 2020.

_____
Chief Justice

_____

_____

_____
Justices

2